IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FERRA AUTOMOTIVE SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:20-cv-00712-RJC |
| | ) |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON - SYNDICATE #2001 AML also known as LLOYD'S LONDON and CERTAIN UNDERWRITERS AT LLOYD'S LONDON, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Robert J. Colville, United States District Judge.

Before the Court is a Motion to Dismiss (ECF No. 9) filed on behalf of Defendant Certain Underwriters at Lloyd's, London – Syndicate #2001 AML a/k/a Lloyd's London and Certain Underwriters at Lloyd's, London (collectively "Underwriters") in which it argues the Complaint filed by Plaintiff Ferra Automotive Service, Inc. ("Ferra") should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, the motion will be granted.

**I. Procedural History and Factual Allegations**

Ferra filed the Complaint on May 15, 2020. (ECF No. 1) ("Compl."). This action arises out of an accident on December 6, 2017, along Route 28 southbound, near Fox Chapel/O'Hara Township, Pennsylvania, when a tractor trailer collided with the rear end of a passenger vehicle,

1

killing the the operator of the passenger vehicle.[1] (Compl. at ¶ 22).  Ferra is engaged in the towing, recovery, removal, damage clean up, and storage industry in Allegheny County, Pennsylvania. (Compl. at ¶ 7).  Ferra alleges that B&T and/or ATT were the registered owner of the tractor.  (Compl. at ¶ 15). Arther T. Wells, an employee of B&T, operated the tractor and trailer on the date of the accident.  (Compl. at ¶ 20).  B&T, Traficanti and/or OMCO were the owner of the trailer (Compl. at ¶ 10).  Joy Global owned the loaded metal shafts, rods and bars on the trailer. (Compl. at ¶ 21).  ATT, B&T, Traficanti and OMCO owned and maintained care, custody and control of the tractor and trailer. (Compl. at ¶ 21).

Ferra alleges that Underwriters "issued policies (certificates) of insurance with respect to the trucking industry and to insure the interest of various entities, including and without limitation B&T Express, Inc." (Compl. ¶ 8.)  These policies provide recovery to the policyholders in the event of loss or damage to the cargo and vehicles.

After the collision, officials of the Pennsylvania State Police notified Ferra about the accident and directed Ferra to go to the location to address the emergency hazardous situation. (Compl. at ¶ 22).  Under the oversight and direction of the Pennsylvania State Police, Ferra employees cleared the scene, removed the vehicles and debris, removed the tractor, trailer and cargo for storage at its facility, and awaited direction regarding their disposition.  (Compl. at ¶¶ 23, 24). Ferra was advised by the Pennsylvania State Police that the tractor, trailer, and cargo had been impounded and that Ferra should retain possession thereof, pending further investigation of the event by the Pennsylvania State Police and others.  (Compl. at ¶ 25). Criminal charges were brought against the driver; these charges were recently dismissed, and are now on appeal before the Pennsylvania Superior Court.

---

[1] The lawsuit brought by decedent's estate against the driver and other entities is currently pending before the undersigned.  *See Wilkoski v. B&T Express, et al*., C.A. 18-1359.

Nearly a year and half passed after the impoundment.  Ferra was notified on May 17, 2019 it was authorized to release the vehicle and cargo from the impoundment directive earlier ordered by the Pennsylvania State Police and the District Attorney of Allegheny County. (Compl. at ¶ 28).  Ferra notified Defendants Traficanti and Joy Global of the balance due for the towing, recovery removal, cleanup, and storage due to Ferra as payment for the services it provided. (Compl. at ¶ 28).  Ferra has yet to be paid and seeks compensation, and has filed suit in *Ferra Automotive Services, Inc. v. B&T Express, Inc*., et al., at 2: 19-cv-1533-RJC, alleging  that pursuant to 75 Pa. C.S. § 3757 "entities charged with removal of vehicles and cargo shall have the unqualified right to be compensated for their service." (Compl. ¶ 66). As of April 23, 2020, Ferra is owed the sum of $228,475 for the towing, recovery, removal, and cleanup of the accident scene and storage with interest thereon at the rate of six percent from December 6, 2017 together with additional storage charges at a rate of $250 per day from and after October 24, 2019.  (Compl.  ¶ 69).

Ferra alleges that it requested and received copies of certain insurance policies that Ferra asserts are related to the tractor and trailer, and from those it identified Underwriters as the insurer.  (Compl. ¶¶ 31-37.)  Ferra's Complaint pleads two causes of action.  At Count I, Ferra alleges it is a third-party beneficiary of the insurance policies  and thus is entitled to payment of the balance owed for the towing, recovery, removal and clean up of the accident scene together with storage costs.  (Compl. ¶¶ 59, 61).  At Count II Ferra alleges "quasi-contract/unjust enrichment," citing to 75 Pa. C.S. § 3757 (e.g., Compl. ¶¶ 66-67). While Ferra alleges that other entities are the owners of the tractor, trailer, or cargo, Ferra alleges that pursuant to policy certificates and as a result of the collision, "Underwriters automatically obtained a property interest/ownership interest in the tractor, trailer, and cargo." (Compl. ¶ 65.)

Underwriters has moved to dismiss both Counts.

## II. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id.* "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr, Corp*., 809 F.3d 780 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal,* 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. *See also Burtch v. Milberg Comp.tors, Inc*., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

809 F.3d at 876-77. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679 (internal citations omitted)

While a District Court is generally limited to a plaintiff's complaint in assessing a motion to dismiss, when a document is "integral to or explicitly relied upon in the complaint [, it] may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1426 (3d Cir.1997) (internal quotations omitted).

## III.  Discussion

Underwriters argues that the Complaint fails to state a claim as follows.  First, as to Count I, Underwriters argues that as an insurer for B&T Express, Inc., it is not an "owner" of the tractor, trailer, or the cargo, and hence, under 75 Pa. C.S. § 3757, the statute on which Ferra relies, Ferra may not seek compensation. Second, Underwriters argues Ferra cannot recover under the policy because it is not a third-party beneficiary and lacks privity with Underwriters, and thus, Count II should be dismissed.

5

### A. Count I: Third Party Beneficiary Breach of Contract

In Count I Ferra alleges rights under the insurance contract as a third-party beneficiary. To state a claim for breach of contract, a plaintiff must establish: 1) the existence of a contract, including its essential terms; 2) a breach of a duty imposed by the contract; and 3) resultant damages. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003). Generally, to bring a claim for breach of contract, the plaintiff must be a party to the agreement. *Electron Energy Corp. v. Short*, 408 Pa. Super. 563, 597 A.2d 175, 177 (1991). An exception to this general rule grants intended third-party beneficiaries standing to pursue a breach of contract claim. *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744, 751 (1983).

For a third-party beneficiary to recover on a contract, "both contracting parties must have expressed an intention that the third-party be a beneficiary, and that intention must have affirmatively appeared in the contract itself." *Scarpitti v. Weborg*, 530 Pa. 366, 609 A.2d 147, 149 (1992). In *Scarpitti*, however, the court also explained that if the intention is not expressly stated in the contract, a party may still be considered a third-party beneficiary if:

> [T]he circumstances are *so compelling* that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

*Scarpitti*, 609 A.2d at 150–51 (citations omitted) (emphasis added).

"In interpreting an insurance policy, a court must ascertain the intent of the parties as manifested by the language of the written agreement." *Stevens Painton Corp. v. First State Ins. Co.*, 746 A.2d 649, 657 (Pa. Super. Ct. 2000). "The words of the instrument must be construed in their natural, plain, and ordinary sense," and if the "policy language is clear and unambiguous, the court must give effect to the language of the contract." *Id.*

6

Ferra alleges Underwriters "obtained a property interest/ownership interest in the tractor, trailer, and cargo." (Compl. ¶ 65).  The Pennsylvania Motor Vehicle Code, under which Ferra seeks compensation in the related lawsuit, provides:

> Notwithstanding any other law or regulation, any entity incurring the cost of removing a vehicle or cargo at an accident scene if the removal is authorized by a police officer shall have the unqualified right to compensation for the cost of removal and cargo storage and cleanup from the owner of:
>
> (1) A vehicle removed.
>
> (2) A vehicle, the cargo of which was removed in whole or in part.
>
> (3) The cargo removed.

75 Pa. Cons. Stat. Ann. § 3757(a).   The statute defines an "Owner":

> "Owner." A person, other than a lienholder, having the property right in or title to a vehicle. The term includes a person entitled to the use and possession of a vehicle subject to a security interest in another person, but excludes a lessee under a lease not intended as security.

When necessary, courts look to see who in fact possesses attributes commonly associated with ownership: use, benefit, possession, control, responsibility for, and disposition of the automobile. *Automobile Ins. Co. of Hartford, Conn. v. Curran,* 994 F. Supp. 324, 330 (E.D. Pa.1998). Underwriters does not fit within the statutory or case law definition of the "owner" of the property at issue.

Here, it is clear that under the facts as alleged, and viewing them in a light favorable to Plaintiff, and under the plain terms of the applicable statute, Underwriters is not the owner of the tractor, trailer or cargo.  Indeed to hold otherwise would contradict Plaintiff's simultaneous allegations that other entities are the owner(s) of the tractor, trailer and cargo. (Compl. ¶¶ 11, 14, 16). The fact that its policy contains a provision which gives Underwriters the option to pay the salvage value on vehicles (in the event the insured fails to take steps to safeguard the

property -- does not render it an "owner."  Ferra has not cited to any case which has held otherwise.

We have reviewed the contract of insurance and policies as provided by Ferra, which were attached to its Complaint.  Absent an expressed intention that Ferra is a third-party beneficiary, which we find has not been expressed in the contract, Ferra may not recover from Underwriters. *Butcher v. Gen. Motors Co.*, No. 2:14-CV-00353, 2015 WL 867797, at *5 (W.D. Pa. Feb. 27, 2015), (citing, inter alia, *Johnson v. Beam*, 541 Pa. 449, 664 A.2d 96, 101 n. 3 (Pa. 1995) (explaining that the insurer's "duty to act in good faith in the investigation, negotiation, and settlement of the claim runs only to [the insured]").  Here, the policy provisions relied upon by Ferra, list the insured as B&T Express, and other entities as "additional named insureds."  It does not name Ferra, and expressly states that no benefits are conferred on the bailee.  Nothing in the insurance policy suggests that Underwriters and B&T intended for Ferra to benefit under the cited provision(s) of the policy.  There is no privity between Ferra and Underwriters, and therefore, this claim fails to state a claim upon which relief can be granted and the motion to dismiss will be granted in this regard. *See Ruger v. QBE Ins. Corp.*, No. 3226 EDA 2011, 2013 WL 11266161 (Pa. Super. Ct. Apr. 12, 2013).

### B.  Count II:  Quasi-Contract/Unjust Enrichment

To state a claim under Pennsylvania law for quasi-contracts, a claim for unjust enrichment requires allegations of the following elements: (1) a benefit conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.  *Limbach Co. LLC v. City of Philadelphia,* 905 A.2d 567, 575 (Pa. Cmwlth. 2006) (citation omitted). "To sustain a claim of unjust enrichment, a claimant must

show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that it would be unconscionable for her to retain." *Torchia v. Torchia,* 346 Pa. Super. 229, 499 A.2d 581, 582 (1985). "The polestar of the unjust enrichment inquiry is whether the defendant has been *unjustly* enriched; the intent of the parties is irrelevant." *Limbach v. City of Phila.*, 905 A.2d 567, 577 (Pa. Commw.2006). "In order to recover, there must be *both* (1) an enrichment, and (2) an injustice resulting if recovery for the enrichment is denied." *Samuels v. Hendricks,* 300 Pa. Super. 11, 445 A.2d 1273, 1275 (1982) (emphasis in original), quoting *Meehan v. Cheltenham Twp.*, 410 Pa. 446, 189 A.2d 593, 595 (1963). Plaintiff has not sufficiently alleged facts to support this claim; any benefit to Underwriters is attenuated at best, and there is nothing unconscionable or unjust in permitting what benefit Underwriters may have received to be retained without compensation by Underwriters. Ferra has brought suit in another action pursuant to the Pennsylvania Motor Vehicle Code against the alleged owners of the impounded properties. Underwriters is not obligated in equity to make payment for the charges incurred by Ferra, and we cannot ignore the fact that Underwriters does not own the impounded properties.

Ferra has failed to state a claim for unjust enrichment, and therefore, the Motion to Dismiss Count II will be granted.

### C. Leave to Amend

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). It would be futile and inequitable to allow Ferra to amend the claims which have been dismissed. Therefore, leave to amend will not be granted.

## IV. Conclusion

For the forgoing reasons, the Motion to Dismiss is granted, and the Complaint will be dismissed in its entirety with prejudice.

An appropriate Order of Court will follow.

Date: November 7, 2020                                  /s/ *Robert J. Colville*
                                                         Robert J. Colville
                                                         United States District Judge

cc/ecf: All counsel of record